Filed 9/2/20  P. v. Wibberley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARRETT BRYAN WIBBERLEY,<br><br>    Defendant and Appellant. | C090065<br><br>(Super. Ct. No. F18-000049) |

Defendant Garrett Bryan Wibberley appeals a judgment entered following a plea. He challenges a restitution fine, court operations assessments, and court facilities assessments, arguing their imposition without consideration of his ability to pay violates due process, equal protection, and the Eighth Amendment prohibition against excessive fines.  We disagree and will affirm the judgment.

BACKGROUND

Defendant sexually abused his girlfriend's young daughter four to five times over two years by, among other acts, touching her vagina and touching her foot and hand

1

while he masturbated.  He was charged with continuous sexual abuse of a child under 14 (Pen. Code, § 288.5, subd. (a)),[1] and six counts of a lewd act upon a child under 14 (§ 288, subd. (a)).  Defendant pleaded guilty to continuous sexual abuse.  As stipulated in the plea agreement, the court sentenced defendant to the upper term of 16 years and dismissed the remaining counts.  The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

## DISCUSSION

Defendant argues on appeal that the trial court violated his right to due process, equal protection, and the federal and state constitutional prohibitions against excessive fines by imposing fines, fees, and assessments without holding a hearing to determine his ability to pay them.  These arguments rely primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under [ ] section 1465.8 and Government Code section 70373."  (*Id.* at p. 1164.)  The *Dueñas* court also held that "although [ ] section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine."  (*Ibid.*)

---

[1]    Undesignated statutory references are to the Penal Code.

Defendant requests that we stay the challenged fines, fees, and assessments and remand for an ability to pay hearing. He also asserts that he suffered ineffective assistance of counsel if these issues are found forfeited.

The People argue defendant forfeited his *Dueñas* claim by failing to object or even express any concern about inability to pay in the trial court months after *Dueñas* was decided. The People further argue defendant's restitution fines are constitutional.

A. Dueñas *was incorrectly decided*

Regardless of whether defendant forfeited the issue, we are not persuaded the analysis employed in *Dueñas* is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373. (*Kopp*, at pp. 95-96 (review granted Nov. 13, 2019, S257844).)

In the meantime, we join the courts that have concluded that *Dueñas* was wrongly decided. (See, e.g., *People v. Kingston* (2019) 41 Cal.App.5th 272; *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946 (*Hicks*); *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929 (*Caceres*).) In support of its hybrid due process/equal protection rationale, *Dueñas* relies on authorities in which courts have held it is unconstitutional to punish an indigent defendant or impede his access to the courts, solely on the basis of his poverty. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1165-1168, citing *In re Antazo* (1970) 3 Cal.3d 100, 103 [invalidating practice of requiring convicted defendants to serve jail time if they were unable to pay a fine or assessment], and *Griffin v. Illinois* (1956) 351 U.S. 12, 16-17, 19-20 [100 L.Ed. 891, 897-898, 899] [striking down a state practice of granting appellate review only to convicted criminal defendants who could afford a trial

transcript].) As many courts have subsequently noted, the line of cases cited in *Dueñas* relating to an indigent defendant's right of access to the courts are inapplicable because the imposition of the challenged fines and assessments did not affect the ability of the defendant in *Dueñas* to present a defense at trial or to challenge the trial court's rulings on appeal. (*Hicks*, at p. 326, review granted Nov. 26, 2019, S258946; *Kingston*, at pp. 279-280; *Aviles*, at pp. 1068-1069; *Caceres*, at p. 927; see *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038-1039 (*Gutierrez*) (conc. opn. of Benke, J.).)

Similarly, the authorities cited in *Dueñas* prohibiting incarceration for indigence alone are also inapplicable. (*Hicks, supra*, 40 Cal.App.5th at p. 326, review granted Nov. 26, 2019, S258946; *Caceres, supra*, 39 Cal.App.5th at p. 927.) Defendant faces at most a civil judgment should he be unable to pay. We disagree that any resulting negative consequences from a civil judgment constitute punishment rising to the level of a due process violation. (See *Caceres*, at p. 927 ["*Dueñas* cites no authority for the proposition that [the negative consequences from a civil judgment] constitute 'punishment' rising to the level of a due process violation"]; see also *Gutierrez, supra*, 35 Cal.App.5th at p. 1039 (conc. opn. of Benke, J.) [fines and fees imposed in *Dueñas* did not "satisf[y] the traditional due process definition of a taking of life, liberty or property"].)

B.     *Analysis under the Eighth Amendment*

Defendant also asserts the restitution fine violates the Eighth Amendment's prohibition against excessive fines. To the extent imposing potentially unpayable fees or fines on indigent defendants raises constitutional concerns, we agree that such challenges are properly analyzed under the Eighth Amendment's excessive fines clause, which limits the government's power to extract cash payments as punishment for an offense. (*Aviles, supra*, 39 Cal.App.5th at pp. 1071-1072.)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.] . . .

4

[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 [141 L.Ed.2d 314, 329].)  To determine whether a fine is excessive in violation of the Eighth Amendment, we consider "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co*. (2005) 37 Cal.4th 707, 728; *Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).)  Accordingly, although ability to pay may be part of the proportionality analysis, it is not the only factor. (*Bajakajian*, at pp. 337-338.)  We review de novo whether a fine is excessive under the Eighth Amendment.  (*Id*. at p. 336, fn. 10.)

We conclude the $300 restitution fine is not grossly disproportionate to defendant's level of culpability and the harm he caused, based on his conviction for continuous sexual abuse of a child under 14 years of age.  Under the circumstances, this amount is not excessive under the Eighth Amendment.

## DISPOSITION

The judgment is affirmed.

                                        KRAUSE            , J.


We concur:



      HOCH            , Acting P. J.



      RENNER          , J.


5